NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 17-2420 & 17-3508

_____

STEVE DEVIN GREGOR BALBOSA,
a/k/a Steve Brown,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of a Final Order
of the Board of Immigration Appeals
Immigration Judge:  Honorable Mirlande Tadal
(BIA No. A044-250-567)

_____

Submitted Under Third Circuit LAR 34.1(a)
June 11, 2018

Before: AMBRO, JORDAN, and HARDIMAN, Circuit Judges

(Opinion filed: June 15, 2018)

_____

OPINION*

_____


AMBRO, Circuit Judge


_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Petitioner Steve Devin Gregor Balbosa, a native and citizen of Trinidad and Tobago, petitions for review of the Board of Immigration Appeals' dismissal of his appeal of the Immigration Judge's decision to deny his request for protection under the Convention Against Torture. He also petitions us to review the Board's denial of his motion to reopen its adverse decision.

The Board had jurisdiction to review the Immigration Judge's decision under 8 C.F.R. §§ 1003.1(b)(3) and 1240.15, and we have jurisdiction to review the Board's final order of removal under 8 U.S.C. § 1252(a). "We exercise *de novo* review over constitutional claims or questions of law and the application of law to facts." *Garcia v. Att'y Gen.*, 665 F.3d 496, 502 (3d Cir. 2011) (citation omitted). We review the Immigration Judge's findings only to the extent they were incorporated into the Board's decision. *Id.*; *Orabi v. Att'y Gen.*, 738 F.3d 535, 539 (3d Cir. 2014).

Balbosa argued to the Board that he was likely to face torture—with the consent, acquiescence, or willful blindness of the Government—if he returned to Trinidad and Tobago. The Board denied Balbosa's appeal because it found his subjective fear of return to a country with a high crime rate and where he has few contacts does not establish a likelihood he would face torture if removed there. It also found Balbosa's evidence that the Government of Trinidad and Tobago is seeking to prevent rising crime in part by focusing on deportees with criminal records does not establish that a public official or other individual acting in an official capacity would acquiesce to torture against him. For these two reasons, it agreed with the Immigration Judge's determination that Balbosa has not established he qualifies for protection under the Convention.

2

The Board did not make any findings concerning whether Balbosa's criminal conviction was for a particularly serious crime, which would have barred him from asylum relief. Only the Immigration Judge made this determination, and it was not incorporated into the Board's decision. Hence Balbosa's argument to us that the Immigration Judge erred is beyond the scope of our review. Further, the Board did not err (or violate Balbosa's Fifth Amendment right to procedural due process) by considering the issue waived: Balbosa did not appeal this part of the Immigration Judge's decision to the Board, and thus he did not take advantage of the process available to him.

Balbosa also argues the Board applied the wrong legal standard to find there was no evidence the Government would acquiesce to torture, as "acquiescence" includes failure to protect those targeted from the torture. *See Pieschacon-Villegas v. Att'y Gen.*, 671 F.3d 303, 311 (3d Cir. 2011). But again, Balbosa did not make this argument to the Board, nor has he shown us evidence that supports his allegation that the Government fails to protect deportees targeted by gangs. Balbosa presents no other arguments for reversal of the Board's decision, and thus we deny his petition for review.[1]

Next we turn to Balbosa's challenge to the Board's denial of his motion to reopen its adverse decision, which we review for abuse of discretion. *Liu v. Att'y Gen.*, 555 F.3d 145, 148 (3d Cir. 2009). The Board had jurisdiction to reopen proceedings under 8 C.F.R. § 1003.2(a), and we have jurisdiction, as above, under 8 U.S.C. § 1252(a).

---

[1] Though we reach no holding on the Government's argument that we lack jurisdiction because Balbosa brings only unexhausted claims, we agree that Balbosa's claims are either unexhausted or lack sufficient merit.

Balbosa moved to reopen the Board's adverse decision on the ground he received ineffective assistance of counsel who failed to contest his status as an aggravated felon and that his conviction was for a particularly serious crime. The Board denied his motion because, even assuming counsel was ineffective, Balbosa did not show he suffered prejudice as a result of the attorney's handling of his case. *Fadiga v. Att'y Gen.*, 488 F.3d 142, 157, 159–60 (3d Cir. 2007). The standard it applied required Balbosa to show there is a "reasonable likelihood" that the result of the removal proceedings would have been different had the errors not occurred. *Id.* at 159. This requires him to show "not just that he received ineffective assistance in his removal proceedings, but that the challenged order of removal is fundamentally unfair, because there is a significant likelihood that the [Immigration Judge] would not have entered an order of removal absent counsel's errors." *Id.* Applying this standard to Balbosa, the Board held he presented no argument that he is not removable as charged nor that the Immigration Judge erred in ordering him removed under Immigration and Naturalization Act §§ 237(a)(2)(A)(iii) and (a)(2)(B)(i). Hence it held he did not demonstrate a reasonable likelihood that the attorney's alleged ineffective assistance affected either his removability or eligibility for relief.

Balbosa argues the Board incorrectly interpreted *Fadiga*'s "reasonable likelihood" standard; it applied too rigorous a standard, and he only needed to show *prima facie* eligibility and a "realistic chance" that he might be able to obtain his requested relief. Even if the *Fadiga* standard required only *prima facie* eligibility, Balbosa does not argue he made a showing to the Board that his conviction was not for an aggravated felony or a

4

particularly serious crime, nor does he make this showing to us. Accordingly, we cannot say the Board abused its discretion by denying Balbosa's motion to reopen.

Thus we deny Balbosa's petition for review of the Board's dismissal of his appeal and its denial of his motion to reopen.